**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

No. 1:26-mc-02146

**Goatley,**
*Movant,*

v.

**X Corp.,**
*Respondent.*

## MEMORANDUM OPINION AND ORDER

Richard Goatley, a resident of Saudi Arabia, applies *ex parte* under 28 U.S.C. § 1782 for an order authorizing limited discovery on X Corp. for use in a civil suit in the United Kingdom against Middlesex County Cricket Club Limited ("Middlesex"). *See* ECF No. 1 at pp. 1–2. More specifically, Goatley seeks to serve a subpoena to discover from X personal identifying information of a user who has been allegedly posting negative comments on the X platform so that Goatley can identify that user and determine whether the user is connected to Middlesex in any way. The Court grants the application, and denies as moot Goatley's motion for expedited consideration of his subpoena. *See* ECF Nos. 1, 2.

Based on the *ex parte* evidence presented by Goatley, the Court finds that the application satisfies the required statutory criteria. The statute mandates that: (1) the person from whom discovery is sought reside or be found in the district in which the application is filed; (2) the discovery be for use in a proceeding before a foreign tribunal; and (3) the application be made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (per

curiam). Here, X Corp. resides in Bastrop County, which is in the Austin Division of the Western District of Texas, the discovery will be for use in a pending civil proceeding in the United Kingdom, and Goatley qualifies as an interested person as the plaintiff in the UK litigation. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (noting that litigants are an example of interested persons).

Even when an application satisfies these three statutory criteria, the statutory text states only that a Court *may* grant the application. 28 U.S.C. § 1782 ("The district court . . . may order . . . ."). That is, the Court has discretion. The Supreme Court has identified four non-exclusive factors to consider when exercising this discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome[.]" *Intel Corp.*, 542 U.S. at 264–65.

On the current record, these considerations support granting the application. The first consideration supports granting the application because X Corp. is not a participant in the UK suit and thus is not "amenable to discovery in the foreign forum" without the aid of section 1782. *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022). The second consideration supports the application because, at least based on the current record, the foreign proceeding appears to be ordinary civil litigation before a tribunal that would consider relevant evidence produced in response to the requested order. The third consideration supports

granting because there is currently no showing—much less a "persuasive showing"—that Goatley is seeking to circumvent the foreign tribunal's discovery methods and restrictions. *In re Application of Oasis Focus Fund LP*, No. 1:23-cv-00239-DII, 2023 WL 6278882, at *4 (W.D. Tex. Sept. 26, 2023) (explaining that this consideration asks whether the foreign rules "*prohibit* the acquisition or use of certain materials" (quoting *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015))), *report and recommendation adopted sub nom. In re Oasis Focus Fund LP*, No. 1:23-cv-239-DII, 2023 WL 7238594 (W.D. Tex. Nov. 2, 2023). The fourth consideration also supports granting because the request is not unduly burdensome on its face. Rather, the request appears to be narrowly tailored to obtain personal identifying information, such as the names, addresses, contact information, and IP addresses of the user at issue—a request that has been found to be sufficiently tailored in similar circumstances. ECF No. 1-1 at p. 5; *see, e.g.*, *In re Bandai Namco Music Live Inc.*, No. 24-mc-80058-BLF, 2024 WL 1078429, at *4 (N.D. Cal. Mar. 12, 2024); *Man of Creation Co. v. X Corp.*, No. 1:26-mc-01986, 2026 WL 2211788, at *1 (W.D. Tex. July 30, 2026).

That the *Intel Corp.* considerations all point in one direction is not necessarily dispositive because those considerations are non-exhaustive. Other considerations may have considerable sway in some cases, and in this case, the First Amendment looms in the background given that "it is well-settled that the First Amendment protects a publisher's and an author's 'decision to remain anonymous.'" *In re Gliner*, 133 F.4th 927, 933 (9th Cir. 2025) (quoting *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). But, at least at this juncture, the Court need not resolve the extent to which any First Amendment rights may alter the section 1782 analysis because there is no reason to believe the user for which

Goatley seeks identifying information has any First Amendment rights. After all, "foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution," *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020), and there is no evidence the at-issue user is a United States citizen or in the United States. If anything, the fact that the allegedly defamatory posts are about ongoing civil litigation concerning a local cricket club in the United Kingdom makes it more likely than not that the user is *not* protected by the First Amendment.

That said, all the above analysis is based on the *ex parte* evidence and argument provided by Goatley in support of its own application. Should X Corp. disagree with this analysis, it may move the Court to reconsider after it receives the subpoena, and the Court will then need to reassess its section 1782 mandatory and discretionary analysis. *See Banca Pueyo*, 55 F.4th at 475–76 (requiring district courts to reconsider the statutory and *Intel Corp.* analysis when a subpoena respondent challenges an *ex parte* section 1782 order). X Corp. may also file a motion to quash.

Goatley's application for an order authorizing discovery for use in foreign proceedings is GRANTED. *See* ECF No. 1. Goatley may serve the subpoena attached to its application as Exhibit 11 on X Corp. And because the Court has granted Goatley's application, it DENIES his motion for expedited consideration as MOOT and directs the Clerk to unseal that motion. *See* ECF No. 2.

*So ordered by the Court on August 14, 2026.*

ANDREW DAVIS
United States District Judge